| | |
|---|---|
| 1 | RICHARD C. GILBERT / SBN 85912<br>Law Offices of Gilbert & Marlowe |
| 2 | 950 West Seventeenth Street, Suites C, D & E<br>Santa Ana, California 92706-3573 |
| 3 | |
| | Telephone:   714-667-1038 |
| 4 | Fax:            714-667-2388 |
| 5 | Attorney for Plaintiffs |

BY ___

FILED

2012 JUN 11  PM 2: 59

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

6

7

8                        U.S. DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10        SOUTHERN DIVISION – RONALD REAGAN COURTHOUSE

| | | |
|---|---|---|
| 11 | **DELEGATES TO THE REPUBLICAN**<br>**NATIONAL CONVENTION AS** | CASE NO.   **SACV 12 - 00927 DOC (JPRx)** |
| 12 | **FOLLOWS:**<br>(See attachment pages) | **COMPLAINT FOR:** |
| 13 | | |
| 14 | **Plaintiffs,** | 1.   **DECLARATORY JUDGMENT;** |
| 15 | vs. | **AND** |
| 16 | **REPUBLICAN NATIONAL** | 2.   **INJUNCTIVE RELIEF;**<br>**Request for Preliminary Injunction;** |
| 17 | **COMMITTEE;**<br>**REINCE PRIEBUS, Chairman of the** | **Request for Permanent Injunction**<br>**(Rule 65 FRCP)** |
| 18 | **Republican National Committee;**<br>(See attachment pages) | |
| 19 | | |
| 20 | **Defendants.** | |
| 21 | | |
| 22 | /// | |
| 23 | /// | |
| 24 | /// | |
| 25 | /// | |
| 26 | /// | |
| 27 | /// | |
| 28 | /// | |

COMPLAINT - 1

| | | |
|---|---|---|
| 1 | DELEGATES TO THE REPUBLICAN | ) Case No.: No. |
| 2 | NATIONAL CONVENTION AS FOLLOWS: | ) |
| 3 | Alabama Delegate, Loretta Roughton | ) |
| 4 | Alabama Resident, Michael Ramzy | ) |
| 5 | Alaska Delegate, Daryl Lanzon | ) |
| 6 | Alaska Delegate, Barbara Andersen | ) |
| 7 | Arizona Delegate, Virginia Guest | ) |
| 8 | Arizona Delegate, Pepper Draper | ) |
| 9 | Arizona Delegate, Annette Hardman | ) |
| 10 | Arizona Delegate, Stacey Salvaggio | ) |
| 11 | Arizona Delegate, Gary Benkendorfer | ) |
| 12 | Arizona Delegate, Matt Papke | ) |
| 13 | Arizona Delegate, Devin Tate | ) |
| 14 | Arizona Delegate, Gabrielle Tate | ) |
| 15 | Arizona Delegate, Seraphim Larsen | ) |
| 16 | Arizona Delegate, Anna Larsen | ) |
| 17 | Arizona Delegate, Cary Lockwood | ) |
| 18 | Arizona Delegate, David Petersen | ) |
| 19 | Arizona Delegate, Dara Vanesian | ) |
| 20 | Arizona Delegate, Karen Johnson | ) |
| 21 | Arizona Delegate, Jake Reed | ) |
| 22 | Arizona Delegate, Blythe Guvenen | ) |
| 23 | Arizona Delegate, Dr. Gary Miller | ) |
| 24 | Arizona Delegate, Lee Draper | ) |
| 25 | Arizona Delegate, Tom Platt | ) |

| | | |
|---|---|---|
| 1 | Arizona Delegate, Mary Platt | ) |
| 2 | Arizona Delegate, Lorrie Mills-Morse | ) |
| 3 | Arizona Delegate, Marko Trickovic | ) |
| 4 | Arizona Delegate, Ashley W. Pritchard | ) |
| 5 | Arizona Delegate, Pat Petrini | ) |
| 6 | Arizona Delegate, Emily Sabo | ) |
| 7 | Arizona Delegate, Joey Hardman | ) |
| 8 | Arizona Delegate, Renea Rolwes | ) |
| 9 | Arizona Delegate, Cyndi Nichols | ) |
| 10 | Arizona Delegate, Alex Judd | ) |
| 11 | Arizona Delegate, Erica Gardner | ) |
| 12 | Arizona Delegate, Jason C. Tillmann | ) |
| 13 | Arizona Delegate, Clair Van Steenwyk | ) |
| 14 | Arizona Delegate, Jeff Bales, | ) |
| 15 | Arizona Delegate, Richard Mooneyham | ) |
| 16 | Arizona Delegate, Cassandra Mooneyham | ) |
| 17 | Arizona Delegate, William Goode | ) |
| 18 | Arizona Delegate, Delmas E. Dawley | ) |
| 19 | Arizona Delegate, Joan Lewis | ) |
| 20 | Arizona Delegate, Shondean Coochise | ) |
| 21 | Arizona Delegate, Crystal Coochise | ) |
| 22 | Arizona Delegate, Mervin Fried | ) |
| 23 | Arizona Delegate, Al Diciccio | ) |
| 24 | Arizona Delegate, Craig Urling | ) |
| 25 | Arizona Delegate, Ken R. Rineer | ) |

| | | |
|---|---|---|
| 1 | Arizona Delegate, Michael Eilertsen | ) |
| 2 | Arizona Delegate, Harold Shull, | ) |
| 3 | Arizona Delegate, Jeanne Manwiller | ) |
| 4 | Arizona Delegate, Joanne Diggins | ) |
| 5 | Arizona Delegate, Samuel Diggins | ) |
| 6 | Arizona Delegate, Paul Diggins | ) |
| 7 | Arizona Delegate, Laura Hatton | ) |
| 8 | Colorado Delegate, Timothy Branthoover | ) |
| 9 | Colorado Delegate, Robert Eskenberry | ) |
| 10 | Colorado Delegate, Jobadiah Weeks | ) |
| 11 | Colorado Alternate Delegate, Judy Spady | ) |
| 12 | Colorado Delegate, Bill Holness | ) |
| 13 | Iowa Delegate, Edward True | ) |
| 14 | Illinois Delegate, Mattew Blick | ) |
| 15 | Illinois Delegate, Brien Poutry | ) |
| 16 | Illinois Delegate, James Benzik | ) |
| 17 | Florida Delegate, Gerri Weits | ) |
| 18 | Georgia Delegate, Sahar Hekmati | ) |
| 19 | Georgia Delegate, Claudio Avendano | ) |
| 20 | Georgia Delegate, Amanda Parsons | ) |
| 21 | Georgia Delegate, Barbara Dunne | ) |
| 22 | Georgia Delegate, Donald Woodward | ) |
| 23 | Georgia Delegate, Shirley Woodward | ) |
| 24 | Georgia Delegate, Nancy Holtzclaw | ) |
| 25 | Georgia Delegate, Bob Holzclaw | ) |

1  Georgia Delegate, Cheryl Dalton )
2  Georgia Delegate, Jimmy Dalton )
3  Georgia Delegate, Geralyn Daniel )
4  Georgia Delegate, Sonja Casey )
5  Georgia Delegate, David James )
6  Georgia Delegate, Gerel Barlett )
7  Georgia Delegate, Aaron Guyton )
8  Georgia Delegate, Pasty Cuson )
9  Georgia Delegate, Lynn Warburton )
10  Georgia Delegate, Randy Beacham )
11  Georgia Delegate, Charles Flanegan )
12  Georgia Delegate, Nancy Fabbri )
13  Georgia Delegate, Louie Fabbir )
14  Georgia Delegate, Larry S. O' Bryant )
15  Georgia Delegate, Mark Alarcon )
16  Georgia Delegate, Kalynn Alarcon )
17  Georgia Delegate, Ted Metz )
18  Georgia Delegate, Benjamin Mihalski )
19  Georgia Delegate, Christopher Lamey )
20  Georgia Delegate, Valorie McLain )
21  Georgia Delegate, Marilyn Watts )
22  Georgia Delegate, Lane Watts )
23  Georgia Delegate, Teresa B. Swensson )
24  Georgia Delegate, Carl A. Swensson )
25  Georgia Delegate, Amanda M. Eskew )

| | | |
|---|---|---|
| 1 | Georgia Delegate, Richard C. Eskew | ) |
| 2 | Louisiana Delegate, Scott Chiavetta | ) |
| 3 | Massachusetts Delegate, Renato D'Amico | ) |
| 4 | Massachusetts Delegate, John Aaron MeKeon | ) |
| 5 | Michigan Delegate, Michael Chaffee | ) |
| 6 | Michigan Delegate, Tammy Cech | ) |
| 7 | Michigan Delegate, William Bevan | ) |
| 8 | Missouri Delegate, Lynn Kempen | ) |
| 9 | Missouri Delegate, Matthew Hay | ) |
| 10 | South Carolina Delegate, John Perna | ) |
| 11 | New Jersey Delegate, Nathan Mooney | ) |
| 12 | Nevada Delegate, Jacqlyn Smith | ) |
| 13 | Nevada Delegate, F. Marie Hardenbrook | ) |
| 14 | Nevada Delegate, Kristene Honzik | ) |
| 15 | Texas Delegate, Matt Sistruck | ) |
| 16 | Alabama Resident, Jason Williams | ) |
| 17 | Maine Delegate, Michael Ferreira | ) |
| 18 | Maine Delegate, Michael McDonald | ) |
| 19 | Georgia Delegate, Ying Li | ) |
| 20 | Arizona Delegate, Cody Whitaker | ) |
| 21 | Arizona Delegate, Laura Hatton | ) |
| 22 | California Delegate, David Duffina | ) |
| 23 | California Delegate, Chris Saraceni | ) |
| 24 | California Delegate, John Joseph Vargo | ) |
| 25 | | ) |

| | | |
|---|---|---|
| 1 | **Plaintiffs,** | ) |
| 2 | **vs.** | ) |
| 3 | Republican National Committee | ) |
| 4 | Reince Priebus, as Chairman of the Republican | ) |
| 5 | National Committee, | ) |
| 6 | Alabama Republican Party | ) |
| 7 | Bill Armistead, as Chairman of the Alabama | ) |
| 8 | Republican Party Chairman | ) |
| 9 | Alaska Republican Party | ) |
| 10 | Randy Ruedrich, as Chairman of the Alaska | ) |
| 11 | Republican Party Chairman | ) |
| 12 | Republican Party of American Samoa | ) |
| 13 | Mr. Victor Tofaeono, as Chairman of the | ) |
| 14 | Republican Party of American Samoa | ) |
| 15 | Arizona Republican Party | ) |
| 16 | Tom Morrissey, as Chairman of the Arizona | ) |
| 17 | Republican Party | ) |
| 18 | Arkansas Republican Party | ) |
| 19 | Doyle Webb, as Chairman of the Arkansas | ) |
| 20 | Republican Party | ) |
| 21 | California Republican Party | ) |
| 22 | Tom Del Beccaro, as Chairman of the | ) |
| 23 | California Republican Party | ) |
| 24 | Colorado Republican Committee | ) |
| 25 | Ryan Call, as Chairman of the Colorado | ) |

| | | |
|---|---|---|
| 1 | Republican Committee | ) |
| 2 | Republican Party of Connecticut | ) |
| 3 | Jerry Labriola, Jr, as Chairman of the | ) |
| 4 | Republican Party of Connecticut | ) |
| 5 | Delaware State Republican Party | ) |
| 6 | John Sigler, as Chairman of the Delaware State | ) |
| 7 | Republican Party | ) |
| 8 | District of Columbia Republican Party | ) |
| 9 | Bob Kabel, as Chairman of the District of | ) |
| 10 | Columbia Republican Party | ) |
| 11 | Republican Party of Florida | ) |
| 12 | Lenny Curry, as Chairman of the Republican | ) |
| 13 | Party of Florida | ) |
| 14 | Georgia Republican Party | ) |
| 15 | Sue P. Everhart, as Chairwoman of the | ) |
| 16 | Georgia Republican Party | ) |
| 17 | Republican Party of Guam | ) |
| 18 | Mike Benito, as Chairman of the Republican | ) |
| 19 | Party of Guam | ) |
| 20 | Hawaii Republican Party | ) |
| 21 | David Chang, as Chairman of the Hawaii | ) |
| 22 | Republican Party | ) |
| 23 | Republican Party of Idaho | ) |
| 24 | Norm Semanko, as Chairman of the | ) |
| 25 | Republican Party of Idaho | ) |

| | |
|---|---|
| 1 | Illinois Republican Party )|
| 2 | Pat Brady, as Chairman of the Illinois )|
| 3 | Republican Party )|
| 4 | Indiana Republican Party )|
| 5 | Eric Holcomb, as Chairman of the Indiana )|
| 6 | Republican Party )|
| 7 | Republican Party of Iowa )|
| 8 | Matt Strawm/AJ Spiker, as Chairman of the )|
| 9 | Republican Party of Iowa )|
| 10 | Republican Party of Kansas )|
| 11 | Amanda Adkins, as Chairman of the )|
| 12 | Republican Party of Kansas )|
| 13 | Republican Party of Kentucky )|
| 14 | Steve Robertson, as Chairman of the )|
| 15 | Republican Party of Kentucky )|
| 16 | Republican Party of Louisiana )|
| 17 | Roger Villere, as Chairman of the Republican )|
| 18 | Party of Louisiana )|
| 19 | Maine Republican Party )|
| 20 | Charlie Webster, as Chairman of the Maine )|
| 21 | Republican Party )|
| 22 | Republican Party of Maryland )|
| 23 | Alex X. Mooney, as Chairman of the )|
| 24 | Republican Party of Maryland )|
| 25 | Massachusetts Republican Party )|

| | |
|---|---|
| 1 | Robert Maginn, as Chairman of the | ) |
| 2 | Massachusetts Republican Party | ) |
| 3 | Michigan Republican Party | ) |
| 4 | Robert Schostak, as Chairman of the Michigan | ) |
| 5 | Republican Party | ) |
| 6 | Republican Party of Minnesota | ) |
| 7 | Pat Shortridge, as Chairman of the Republican | ) |
| 8 | Party of Minnesota | ) |
| 9 | Mississippi Republican Party | ) |
| 10 | Joe Nosef, as Chairman of the Mississippi | ) |
| 11 | Republican Party | ) |
| 12 | Missouri Republican Party | ) |
| 13 | David Cole, as Chairman of the Missouri | ) |
| 14 | Republican Party | ) |
| 15 | Montana Republican Party | ) |
| 16 | Wes Deschamps, as Chairman of the Montana | ) |
| 17 | Republican Party | ) |
| 18 | Nebraska Republican Party | ) |
| 19 | Mark Fahleson , as Chairman of the Nebraska | ) |
| 20 | Republican Party | ) |
| 21 | Republican Party of New Hampshire | ) |
| 22 | Nevada Republican Party | ) |
| 23 | Michael McDonald, as Chairman of the | ) |
| 24 | Nevada Republican Party | ) |
| 25 | Republican Party of New Hampshire | ) |

| | |
|---|---|
| 1 | Wayne MacDonald, as Chairman of the ) |
| 2 | Republican Party of New Hampshire ) |
| 3 | New Jersey Republican Party ) |
| 4 | Mayor Samuel Raia, as Chairman of the New ) |
| 5 | Jersey Republican Party ) |
| 6 | Republican Party of New Mexico ) |
| 7 | Monty Newman, as Chairman of the ) |
| 8 | Republican Party of New Mexico ) |
| 9 | Republican Party of New York State ) |
| 10 | Edward F. Cox, as Chairman of the Republican ) |
| 11 | Party of New York State ) |
| 12 | North Carolina Republican Party ) |
| 13 | Robin Hayes, as Chairman of the North ) |
| 14 | Carolina Republican Party ) |
| 15 | North Dakota Republican Party ) |
| 16 | Stan Stein, as Chairman of the North Dakota ) |
| 17 | Republican Party ) |
| 18 | Republican Party of the Northern Marianas ) |
| 19 | Islands ) |
| 20 | Gov. Benigno Fitial, as Chairman of the ) |
| 21 | Republican Party of the Northern Marianas ) |
| 22 | Islands ) |
| 23 | Ohio Republican Party ) |
| 24 | Robert T. Bennett, as Chairman of the Ohio ) |
| 25 | Republican Party ) |

| | |
|---|---|
| 1 | Oklahoma Republican Party |
| 2 | Matt Pinnell, as Chairman of the Oklahoma |
| 3 | Republican Party |
| 4 | Oregon Republican Party |
| 5 | Allen Alley, as Chairman of the Oregon |
| 6 | Republican Party |
| 7 | Republican Party of Pennsylvania |
| 8 | Rob Gleason, as Chairman of the Republican |
| 9 | Party of Pennsylvania |
| 10 | Republican Party of Puerto Rico |
| 11 | Hon. Carlos Mendez, as Chairman of the |
| 12 | Republican Party of Puerto Rico |
| 13 | Rhode Island Republican Party |
| 14 | Mark Zaccaria, as Chairman of the Rhode |
| 15 | Island Republican Party |
| 16 | South Carolina Republican Party |
| 17 | Chad Connelly, as Chairman of the South |
| 18 | Carolina Republican Party |
| 19 | South Dakota Republican Party |
| 20 | Tim Rave, as Chairman of the South Dakota |
| 21 | Republican Party |
| 22 | Tennessee Republican Party |
| 23 | Chris Devaney, as Chairman of the Tennessee |
| 24 | Republican Party |
| 25 | Texas Republican Party |

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

| | |
|---|---|
| 1 | Steve Munsteri, as Chairman of the Texas |
| 2 | Republican Party |
| 3 | Utah Republican Party |
| 4 | Thomas Wright, as Chairman of the Utah |
| 5 | Republican Party |
| 6 | Vermont Republican Party |
| 7 | Jack Lindley, as Chairman of the Vermont |
| 8 | Republican Party |
| 9 | Republican Party of Virginia |
| 10 | Hon. Pat Mullins, as Chairman of the |
| 11 | Republican Party of Virginia |
| 12 | Washington State Republican Party |
| 13 | Kirby Wilbur as Chairman of the Washington |
| 14 | State Republican Party |
| 15 | Republican Party of West Virginia |
| 16 | Mike Stuart, as Chairman of the Republican |
| 17 | Party of West Virginia |
| 18 | Republican Party of Wisconsin |
| 19 | Brad Courtney, as Chairman of the Republican |
| 20 | Party of Wisconsin |
| 21 | Republican Party of Wyoming |
| 22 | Tammy Hooper, as Chairman of the |
| 23 | Republican Party of Wyoming |
| 24 | And Does 1 Through 10 inclusive. |
| 25 | Defendants. |

13

## STATEMENT OF JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1343(a)(3), 2201 and 2202, and 42 U.S.C. § 1971(d).

Plaintiffs are Delegates elected to vote in a Federal Election as part of the Republican National Convention commencing during the week of August 27, 2012, for the purpose of nominating a candidate for President of the United States and a candidate for Vice President of the United States.

Names Plaintiffs and Plaintiffs Identified as Does 1 through 1,000 are residents of the United States, including all states within the Jurisdiction of the Ninth Circuit Federal Court who are duly elected Delegates, Alternate Delegates, Delegates elected but being denied certification due to their refusal to surrender their voting rights to vote in accordance with the free exercise of their conscience and not be bound to the nominee of Defendant's choice.

Defendant, Republican National Committee (hereafter RNC) and its Chairman, Reince Priebus, conduct business in all states within the Ninth Circuit of the Federal Court.

Defendants include every State Republican Party and party Chairman within the Jurisdiction of the Ninth Circuit. All other Defendants are agents of Defendants within the Jurisdiction of the Ninth Circuit all participating in the same Federal Election to take place in August 2012 pursuant to 11 CFR 100.2(e).

All other Defendants are State Republican Party Organizations participating in a Federal Election for the purpose of nominating a candidate for President of the United States and a candidate for Vice President of the United States.

A National Convention of a political party that convenes for the purpose of selecting nominees for Federal Office such as President and Vice President of the United States is subject to the Voting Rights Statutes commencing with 42 USC 1971 and US Supreme Court Decisions regarding delegates and their right to be

1   unbound to vote their conscience free from any intimidation from any person or
2   entity.

3        Plaintiffs come to Federal Court to seek the guidance of the Court regarding
4   the Federal Question as to whether Plaintiffs are free to vote their conscience on the
5   first and all ballots at the Federal Election known as the Republican National
6   Convention or whether Plaintiffs are bound to vote for a particular candidate as
7   instructed by Defendants' State Party Bylaws, or State Laws, or the preference of
8   political operatives seeking affidavits of loyalty to a particular candidate under
9   penalty of perjury.

10       Plaintiffs do not seek any reimbursement for Court Fees and Plaintiffs do not
11  seek any award of Attorney Fees.  Plaintiffs seek only the guidance of the court and
12  Injunction Relief as set forth herein.

13

14                          THE FEDERAL LAW
15  The Federal Laws are as follows:

16       11 CFR 100.2(e):  Defining a national convention as a "Federal
17       Election" for the purpose of electing a candidate for federal office.
18       Which states:

19

20           "(e)  Caucus or Convention.   A caucus or convention of a
21           political party is an election if the caucus or convention has the
22           authority to select a nominee for federal office on behalf of that
23           party."

24

25  and

26

27       42 USC 1971 - Sec. 1971.  Voting rights.  Which states:

28

1      "No person, whether acting under color of law or otherwise,

2         shall intimidate, threaten, coerce, or attempt to intimidate,

3         threaten, or coerce any other person for the purpose of

4         interfering with the right of such person to vote or to vote as he

5         may choose, or of causing such other person to vote for, or not

6         to vote for, any candidate for the office of President."

7

8      Notwithstanding the clarity of the above Federal Laws the Republican

9  National Committee and its Chairman, Reince Priebus, have been violating Rule 11

10 of the Rules of the Republican Party which in effect states that the RNC may not aid

11 any Candidate until the Candidate is the nominee of the Party. Notwithstanding, the

12 RNC and its Chairman, Defendant Reince Priebus, have, for at least the past six

13 months, combined with a particular Candidate with all of the aid the RNC can

14 possibly, but improperly give in violation of Rule 11 to obstruct, intimidate, and

15 harass Delegates from voting their conscience. These Defendants have intentionally

16 violated Federal Laws and Supreme Court Decisions by seeking to bind Delegates to

17 the Candidate of Defendants' choice and these Defendants have refused to follow

18 Federal Law.   [Attached hereto as Exhibit B is a true and correct copy of the

19 Republican Party Rules.]

20      RNC Rule 38, the Unit Rule, provides that Delegates may not be bound to a

21 particular Candidate separate and distinct from the US Statutes and Supreme Court

22 Decisions.

23      The Republican National Committee (hereafter RNC) and its Chairman have

24 been aiding the Governor Romney Campaign for at least six months up to and

25 including the present time notwithstanding that no candidate has won the

26 nomination.  Governor Romney does not have 1144 Delegates, the minimum

27 number of Delegates required to win the nomination and, no candidate can be

28

1   assured that they are the nominee until the Delegates vote because the Delegates

2   have a statutory and Constitutional Right to vote their conscience.

3        Plaintiffs allege that in almost every state in the United States Defendants

4   engaged in a scheme to intimidate and harass Delegates who were supporting a

5   Candidate that Defendants did not approve of.  This harassment included the use of

6   violence, intimidating demands that Delegates sign affidavits under penalty of

7   perjury with the threat of criminal prosecution for perjury as well as financial

8   penalties and fines if the Delegate fails to vote as instructed by Defendants rather

9   than vote the Delegate's conscience as mandated by the US Statutes and US Supreme

10   Court Decisions cited.

11        Defendants have further harassed and intimidated Plaintiffs with untimely

12   Rule changes designed to deny a quorum or to manipulate Delegates supporting a

13   particular Candidate to be deprived of a fair election as a Delegate.

14        Defendants have used threats of violence including dressing security type

15   people in dark clothing searching out supporters of a Candidate Defendants do not

16   approve of to harass and intimidate said Delegates from voting their conscience.

17        Defendants have unlawfully used State Bylaws and in some cases State Laws

18   to harass and intimidate Delegates from voting their conscience.

19        Defendants have refused to Certify Delegates who were properly elected to

20   support a certain Candidate that Defendants did not approve of.

21        Defendants have certified unlawful slates of Delegates that were not elected

22   in accordance with the US Statues and US Supreme Court Decisions cited, nor in

23   accordance with the proper Bylaws of Defendants'.

24        Defendants have altered the voting ballot results to fraudulently reflect an

25   outcome that is inconsistent with the actual voting ballot results for the purpose of

26   certifying a fraudulently selected slate of Delegates to support the Candidate of

27   Defendants choice rather than the Delegates properly elected.

28

For the reasons stated herein Plaintiffs will suffer irreparable harm if the evidence of the wrongful conduct of the Defendants related to the above voting and Delegate selection issues are not preserved by the Court.  Therefore, Plaintiffs request a Preliminary Injunction ordering Defendants to preserve all ballots cast at their State Conventions / Caucuses including all voting machines, the computer programs for all voting machines, any and all records related to the counting of the ballots, and any and all records related to any Rules, Rule changes made within 30 days of the Convention / Caucuses, including the day of the Convention / Caucus.

The fact that the Republican Party is a private organization becomes legal irrelevant when the party convenes a National Convention for the purpose of selecting a candidate for Federal Office, in this case, President and Vice President of the United States.  For all purposes the convention is an "election" subject to Supreme Court case decisions and Federal Statutory Law.

The Convention of a national political party is a "Federal Election" subject to the laws established by the United States Supreme Court and the Legislative Branch of the Federal Government when signed into law by the President of the United States.

U.S. Supreme Court Decisions and Federal Statutory Law preempt any contradictory Party Rule or State Law that attempts to deny a Delegate the right to vote in accordance with their own conscience free from any attempt to bind the Delegate to vote for a particular candidate.

42 USC 1971(e) the word "vote" means all action necessary to make a vote effective.

The United State Supreme Court held in *Morse v. Republican Party of Va.* 517 U.S. 186 (1985) that an interference in the right of a Delegate to vote in accordance with the Delegate's own conscience undermines the effectiveness of the vote. Several Supreme Court cases similarly hold.

Section 108.7 Effect on State Law (2 U.S.C. 453).

(a) The provisions of the Federal Election Campaign Act of 1971, as amended, and rules and regulations issued thereunder, supersede and preempt any provision of State law with respect to election to Federal office.

(b) Federal law supersedes State law concerning the

(1) Organization and registration of political committees supporting Federal candidates;

(2) Disclosure of receipts and expenditures by Federal candidates and political committees; and

(3) Limitation on contributions and expenditures regarding Federal candidates and political committees.

(c) The Act does not supersede State laws which provide for the

(1) Manner of qualifying as a candidate or political party organization;

(2) Dates and places of elections;

(3) Voter registration;

(4) Prohibition of false registration, voting fraud, theft of ballots, and similar offenses;

(5) Candidate's personal financial disclosure; or

(6) Application of State law to the funds used for the purchase or construction of a State or local party office building to the extent described in 11 CFR 300.35.

[45 FR 15117, Mar. 7, 1980, as amended at 67 FR 49119, July 29, 2002]

Section 100.2 Election (2 U.S.C. 431(1)).

(a) Election means the process by which individuals, whether opposed or unopposed, seek nomination for election, or election, to Federal office. The specific types of elections, as set forth at 11 CFR 100.2 (b), (c), (d), (e) and (f) are included in this definition.

(b) General election. A general election is an election which meets either of the following conditions:

> (1) An election held in even numbered years on the Tuesday following the first Monday in November is a general election.

> (2) An election which is held to fill a vacancy in a Federal office (i.e., a special election) and which is intended to result in the final selection of a single individual to the office at stake is a general election. See 11 CFR 100.2(f).

(c) Primary election.  A primary election is an election which meets one of the following conditions:

> (1) An election which is held prior to a general election, as a direct result of which candidates are nominated, in accordance with applicable State law, for election to Federal office in a subsequent election is a primary election.

> (2) An election which is held for the expression of a preference for the nomination of persons for election to the office of President of the United States is a primary election.

(3) An election which is held to elect delegates to a national nominating convention is a primary election.

(4) With respect to individuals seeking federal office as independent candidates, or without nomination by a major party (as defined in 26 U.S.C. 9002(6)), the primary election is considered to occur on one of the following dates, at the choice of the candidate:

(i) The day prescribed by applicable State law as the last day to qualify for a position on the general election ballot may be designated as the primary election for such candidate.

(ii) The date of the last major party primary election, caucus, or convention in that State may be designated as the primary election for such candidate.

(iii) In the case of non-major parties, the date of the nomination by that party may be designated as the primary election for such candidate.

(5) With respect to any major party candidate (as

defined at 26 U.S.C. 9002(6)) who is unopposed

for nomination within his or her own party, and

who is certified to appear as that party's nominee

in the general election for the office sought, the

primary election is considered to have occurred on

the date on which the primary election was held by

the candidate's party in that State.

Code of Federal Regulations 38:

(d) Runoff election. Runoff election means the election which

meets either of the following conditions:

(1) The election held after a primary election, and

prescribed by applicable State law as the means

for deciding which candidate(s) should be certified

as a nominee for the Federal office sought, is a

runoff election.

(2) The election held after a general election and

prescribed by applicable State law as the means

for deciding which candidate should be certified as

an officeholder elect, is a runoff election.

(e) Caucus or Convention. A caucus or convention of a

political party is an election if the caucus or convention has the

authority to select a nominee for federal office on behalf of that party.

(f) Special election. Special election means an election which is held to fill a vacancy in a Federal office. A special election may be a primary, general, or runoff election, as defined at 11 CFR 100.2 (b), (c) and (d).

In a Memorandum prepared by legal counsel for the RNC, legal counsel agrees with the legal arguments that Delegates are free to vote their conscience on all ballots.  [A true and correct copy is attached hereto as Exhibit A.]

This Federal Lawsuit is made necessary because the RNC and its Chairman are violating these laws and are promoting and tolerating efforts to bind Delegates to a particular candidate instead of protecting Delegates from the intimidation Delegates are being subjected to in States throughout the Nation.  Indeed, the RNC and its Chairman rely upon the violation of these laws to intimidate Delegates in support of the RNC's position that Governor Romney is the nominee of the Party when Governor Romney does not have the minimum number of delegates and no vote has yet taken place and the Convention has not begun.

Plaintiffs are Delegates elected to nominate The Republican Nominee for President of The United States at a Convention to be held commencing the week of August 27, 2012, in Tampa, Florida.

Although U. S. Supreme Court Cases hold that a Convention for this purpose is subject to Federal Law, The Republican National Committee and State Republican Parties have intimidated all Delegates to become bound to one candidate thereby denying all Delegates their Constitutional and Statutory Right to vote their conscience.

1    Many Delegates are required to sign Affidavits under Penalty of Perjury
2    declaring the Delegate agrees to be bound to one candidate.  Fines and criminal
3    prosecutions are threatened against Delegates if they fail to vote as told rather than
4    vote their conscience.
5    Delegates who refuse to sign the Affidavit are told they may not serve as
6    Delegates, although they were duly elected.
7    Certain Delegates have already been denied their credentials because they
8    will not sign such an affidavit.
9    Plaintiffs seek a remedy for a Court Order compelling The RNC and Each
10   State Party Defendant To Inform In Writing by serving a copy of the Order the Court
11   makes Notifying every Delegate that in accordance with United States Supreme
12   Court Decisions and Federal Statutes all Delegates at all times are free to vote their
13   conscience for any candidate they choose by their own conscience on all ballots.
14   Plaintiffs further seek an Order that any Delegate who has been denied their
15   seat on their State Delegation for refusing to submit to surrender their free will to
16   vote their conscience be restored to their Delegation and certified.
17   Plaintiffs further seek an Order Prohibiting the RNC and Each State Party
18   Defendant from attempting to intimidate with threats of fines or criminal prosecution
19   of any delegate who chooses to vote their conscience on the First or any subsequent
20   ballot pursuant to Federal Civil Procedures Rule 65.
21   Plaintiffs allege there has been a systematic campaign of election fraud at
22   State Conventions including programing a voting machine in Arizona to count Ron
23   Paul votes as Governor Romney votes; ballot stuffing, meaning the same person
24   casting several ballots in several states; altering and falsifying ballot totals for each
25   candidate; the use of violence at several State Conventions; altering procedural rules
26   to prevent votes being cast for Ron Paul.
27   For the reasons stated in the previous paragraph, Plaintiffs seek an order of
28   the Court that each named Defendant maintain all ballots cast, all documents

1  reflecting the counting of votes and vote totals, all voting machines and their
2  computer programs until further order of the Court to protect the sanctity of the
3  evidence of election fraud that has taken place in several of the States.

4    Plaintiffs do <u>not</u> seek any award of attorney fees or court costs or monetary
5  relief of any kind.  Given that Plaintiffs only ask that the Rule of Law set forth in
6  United States Supreme Court Cases and Federal Statutes be ordered to be complied
7  with and that all of the ballots and voting machines as set forth in the previous
8  paragraphs be preserved until further order of the Court.  Hence, Defendants have no
9  financial issues to defend and no meritorious legal issues that Defendants could
10  submit to this Court that are contra to the legal Points and Authorities presented.

11    Plaintiffs are suffering irreparable harm because their right to vote in
12  accordance with their conscience on the first and all ballots of the Convention is
13  being impeded by threats of monetary fines, criminal sanctions, and / or removal
14  from their status as a Certified Delegate to participate in the Convention unless they
15  submit to State Party Rules, State Laws, or the demands of political operatives
16  requiring signatures on affidavits promising to be bound to a particular candidate
17  under penalty of perjury, all in violation of U.S. Federal Statutes and Supreme Court
18  Rulings.

19

20    Without the Orders requested from this Court, Plaintiffs will be denied their
21  right to vote in accordance with their conscience on the first and all ballots of the
22  Federal Election that is the Convention of the Republican Party set to commence
23  during the week of August 27, 2012, in Tampa, Florida.

24

25    <u>PRAYER</u>
26    WHEREFORE, Plaintiffs pray,  and respectfully request that the Court enter
27  judgment:

28

1.   For Declaratory Judgment that pursuant to the US Statutes cited and US Supreme Court Decisions a Court Order issue declaring that all Delegates to the Federal Election also known as the Republican National Convention in August 2012 be unbound from any Candidate and free to vote their conscience on the first and all ballots.

2.   For an Order that all Defendants serve on every Delegate within their jurisdiction a hard copy of the Federal Court Order not later than a date set by the Court with proof of compliance to be filed with the Court.

3.   For a Preliminary Injunction enjoining all Defendants to preserve all ballots cast at their State Conventions / Caucuses including all voting machines, the computer programs for all voting machines, any and all records related to the counting of the ballots, and any and all records related to any Rules, Rule changes made within 30 days of the Convention / Caucuses, including the day of the Convention / Caucus.

4.   For a Permanent Injunction enjoining all Defendants to preserve all ballots cast at their State Conventions / Caucuses including all voting machines, the computer programs for all voting machines, any and all records related to the counting of the ballots, and any and all records related to any Rules, Rule changes made within 30 days of the Convention / Caucuses, including the day of the Convention / Caucus.

5.   For any Order the Court deems just to carry out the intent of the Court including, but not limited to, ordering a hand recount of ballots, or where the sanctity of the ballots are untrustworthy, ordering a new Convention for the Delegates to re-vote with knowledge that all

Delegates shall be unbound and free to vote their conscience at the Federal Election known as the Republican National Convention in August 2012.

6.     Plaintiffs do not request any reimbursement for costs of this Federal Case nor any reimbursement for legal fees.

DATED: June 11, 2012

_____
RICHARD C. GILBERT, ESQ.
State Bar No. 85912

# PLAINTIFFS'

# EXHIBIT – A

<u>__RNC Associate Counsel's Opinion on Rule 38 of the RNC Rules barring the "unit rule"__</u>

**MEMORANDUM**

**SUBJECT: RULE NO 38 - UNIT RULE**
**FROM:   RNC COUNSEL**
**TO:     NANCY LORD**
**DATE:   AUG 20, 2008**

This Memorandum is based on your request to examine the Republican Party Rules history relating to the so-called "Unit Rule" provision currently found at Rule 38 which states, "No delegate or alternate delegate shall be bound by any attempt of any state or congressional district to impose the unit rule".

This language was initially adopted at the 1964 Republican National Convention, paraphrasing the words of the proponent of the amendment, in order to codify in party rules the actual practice followed in past conventions, namely to allow delegates to vote as they chose even if state law bound them to vote for a specific candidate.

This amendment which modified then Rule 18(a) was initiated by the RNC Rules Committee and adopted by the full RNC at its pre-convention meeting. That '64 language stated, "No Delegate or Alternate shall be bound by any attempt of any State or Congressional District, the District of Columbia, Puerto Rico or the Virgin Islands to impose the unit rule." Based upon a review of the transcripts of the RNC debate on the "Unit Rule", proponents of the '64 amendment argued that their amendment to Rule 18 merely reflected current practice and adopting this Rules change would simply memorialize what was the historical Convention practice, not create a new policy.

During the debate on the "Unit Rule" amendment, there was some concern raised that the new language would be interpreted by some to prohibit the individual states from adopting rules that would bind or allocate delegates to specific candidates. The proponents, however, gave assurances that it was not their intention to effect any "legal or "moral" obligation of the delegates.
Based upon the concern raised that this provision would be erroneously read to prohibit states to bind or allocate delegates a concerted effort was made to defeat the amendment. That effort to reject the addition of the new "Unit Rule" language based on that concern, failed, 59 to 41.

In 1976 the no "Unit Rule" language was modified by the RNC Rules Committee, effectively requiring the 1976 Convention to record delegate votes based on the results of "any binding Presidential Primary or direct election of delegates bound or pledged pursuant to state law." The Convention Rules Committee and the Convention itself accepted this RNC modification without any debate. The additional Rule 18(a) language applicable to the 1976 Republican Convention read as follows, "...however, that in any event, the vote of each state for the nomination for President shall be announced and recorded (or in the absence of an announcement shall be

recorded) in accordance with the results of any binding Presidential Primary or direct election of delegates bound or pledged pursuant to state law. No delegate or alternate shall be bound by any attempt of any state or Congressional district to impose the unit rule."

The '76 language was deleted in 1980 effectively reverting back to the 1964 language and the current language regarding the "Unit Rule" now found in Rule 38 is consistent with the 1980 language.

Dear Blake and Sean,

Thank you so much for the memorandum [above] regarding the history of the Rule 38.

After studying it, I still have unanswered questions.

From the memo, I am clear that:

1. Rule 38 was not intended "to prohibit the individual states from adopting rules that would bind or allocate delegates to specific candidates".

What I need clarified is the following:

1. Do the RNC Rules require a state's delegation to follow its state laws or state party rules in the matter of binding of their national delegates to vote for a particular candidate? (I believe the answer is no; the RNC Rules are silent on this issue. My understanding is that any "legal" or "moral" obligation of the delegates, under either state law or state party rules, is simply that -- a state party matter. The RNC will not get involved in any such issue unless it deems that there is a violation of Rule 38 - an attempt to invoke the "Unit Rule" - during the time of the national convention.)

2. Do the RNC Rules prohibit a state party from changing its rules regarding the binding of their national delegates after the 2nd Tuesday in the September the year before the convention but before the national convention begins? (I believe the answer is no - the RNC Rules are again silent on this issue.)

3. Do the RNC Rules allow a national delegate to cast their vote for anyone they choose at the national convention, regardless of any vote-binding rules in their state or regardless of whether or not that "candidate" has been officially nominated under the RNC "majority of delegates from five states" rule? (I believe the answer is yes. I cite the actual rolling roll call of the states vote in 2000 as an example. In several states, even though George W. Bush had for many months been the presumptive nominee, several states, including Arkansas (19 for Bush, 5 for Alan Keyes) in the 2nd session on Monday evening, Massachusetts (35 for Bush, 1 for McCain, and 1 abstention) in the 3rd session on Tuesday evening,

4. Is the process of the "rolling roll call of the states" the process by which it is determined which candidates have met the RNC "majority of delegates from five states" rule in order to have their name officially placed in nomination? In other words, or as a corollary, do only those candidates who receive a "majority of delegates from five states" votes during the "rolling roll call of the states" become an official nominee, while any candidates receiving votes who did not receive the required majority of five states' votes simply fall to the floor, having not met the threshold?

Is there any way that you can clarify the answers to these questions in writing before tomorrow morning?

Nancy Lord
Utah Republican Republican National Committeewoman

From: Jennifer Sheehan - Legal
To: Nancy Lord
Cc: Sean Cairncross - Legal ; Blake G. Hall
Sent: Friday, August 22, 2008
Subject: RE: The Unit Rule

Mrs. Lord:

I am going to attempt to clearly answer your questions as listed below.

1. You are correct - the answer is no. The national convention allows delegates to vote for the individual of their choice, regardless of whether the person's name is officially placed into nomination or not.

2. National Party Rule No. 15(e) does prohibit State Parties from changing their delegate selection and allocation process that the State Party had to submit to the RNC no later than Sept. 4, 2007. However, the time frame for submitting a challenge to the national convention delegation based upon these Rules has expired, as any delegate contests had to be filed by August 2, 2008.

3. Yes - see #1 above.

4. Your question is mixing two separate issues. The first issue involves the nominating process, which requires the majority of delegates from five states to put a candidate's name into the official nominating process. The delegates from these five states must sign a nominating form

that is then submitted to the Secretary of the Republican National Convention. After the Secretary receives these forms, the candidates are announced who have been officially placed into the nominating process and are therefore eligible to accumulate votes from the national convention delegates.

The Rules require that a roll call be taken from each state who announces the number of votes that its delegates cast for any eligible candidates, as well as for any person someone would like to cast a vote for in the roll call. You are correct that a person does not have to be officially nominated in order to receive votes, however, this vote is essentially pointless as it will not count towards the official tally.

Therefore to clarify, a candidate must receive the support of the majority of five state delegations in order to be officially placed into the nomination. Only candidates that have been officially nominated can accumulate votes that will count towards the majority of delegates necessary to officially nominate the Republican nominee for President. The Republican nominee for President must receive at least 1191 votes from the national convention delegation in order to receive the official nomination.

Please let me know if you have additional questions or need further clarifications related to this process.

Sincerely,

Jennifer Sheehan
Associate Counsel
Republican National Committee

# PLAINTIFFS'

# EXHIBIT – B

# THE RULES
# OF THE
# REPUBLICAN
# PARTY

THE RULES OF THE REPUBLICAN PARTY

# TABLE OF CONTENTS

RULE NO. 1
    *Organization of the Republican National Committee* .................................................... *1*

RULE NO. 2
    *Method of Election for National Committeeman and National Committeewoman* ............................ *1*

RULE NO. 3
    *Term of Office for National Committee Members.* *2*

RULE NO. 4
    *Vacancies of Members and Officers* ...................... *2*

RULE NO. 5
    *Officers of the Republican National Committee* .... *3*

RULE NO. 6
    *Executive Committee of the Republican National Committee* ............................................................. *5*

RULE NO. 7
    *Rules of Order* ...................................................... *6*

RULE NO. 8
    *Meetings of the Republican National Committee* .. *7*

RULE NO. 9
    *Filling Vacancies in Nominations* ......................... *8*

RULE NO. 10
    *Committees of the Republican National Committee* ............................................................................... *9*

RULE NO. 11
    *Candidate Support* ............................................... *13*

RULE NO. 12
    *Call of Next Convention* ..................................... *14*

RULE NO. 13
    *Membership in Convention* .................................. *14*

RULE NO. 14
    *Participation in the Delegate Selection Process.* *17*

RULE NO. 15
    *Election, Selection, Allocation, or Binding of Delegates and Alternate Delegates* ..................... *18*

*i*

RULE NO. 16
   *Enforcement of Rules*............................................ 24

RULE NO. 17
   *Vacancies in a State Delegation*.......................... 27

RULE NO. 18
   *Excess Delegates and Alternate Delegates* ......... 27

RULE NO. 19
   *Certification of Election or Selection of Delegates*
   ............................................................................ 28

RULE NO. 20
   *Contests: Resolution by States*............................ 29

RULE NO. 21
   *Temporary Roll of the Republican National*
   *Convention*.......................................................... 29

RULE NO. 22
   *Contest Filing* ..................................................... 29

RULE NO. 23
   *Contest Procedure*............................................... 30

RULE NO. 24
   *Convention Committee on Credentials*................ 32

RULE NO. 25
   *Order of Business* ................................................ 33

RULE NO. 26
   *Committee Reports* ............................................... 33

RULE NO. 27
   *Definition of "States"*.......................................... 33

RULE NO. 28
   *Admission to Convention Hall*............................. 34

RULE NO. 29
   *Voting* ................................................................. 34

RULE NO. 30
   *Rules of Order* .................................................... 35

RULE NO. 31
   *Length of Debate* ................................................ 35

RULE NO. 32
   *Suspension of Rules* ............................................ 35

RULE NO. 33
   *Platform Resolutions* .......................................... 35

RULE NO. 34
   *Minority Reports: Amendments*........................... 35

RULE NO. 35
    *Motion to Table* ................................................... 36

RULE NO. 36
    *Previous Question* .............................................. 36

RULE NO. 37
    *Roll Call* ............................................................. 36

RULE NO. 38
    *Unit Rule* ............................................................ 37

RULE NO. 39
    *Record Vote* ....................................................... 38

RULE NO. 40
    *Nominations* ....................................................... 38

RULE NO. 41
    *Convention Committees* ...................................... 39

RULE NO. 42
    *Temporary Rules* ............................................... 40

## PREAMBLE

BE IT RESOLVED, That the Republican Party is the party of the open door. Ours is the party of liberty, the party of equality, of opportunity for all, and favoritism for none.

It is the intent and purpose of these rules to encourage and allow the broadest possible participation of all voters in Republican Party activities at all levels and to assure that the Republican Party is open and accessible to all Americans.

BE IT FURTHER RESOLVED, That the following be and hereby are adopted as *The Rules of the Republican Party*, composed of the rules for the election and government of the Republican National Committee until the next national convention, the rules under which delegates and alternate delegates shall be allotted to the respective states in the next national convention, and the rules under which such delegates and alternate delegates shall be elected and under which contests shall be considered, and the rules of business of this national convention.

## THE REPUBLICAN
## NATIONAL COMMITTEE

### RULE NO. 1
### Organization of the Republican National Committee

(a) The Republican National Committee shall have the general management of the Republican Party, based upon the rules adopted by the Republican National Convention. The members of the Republican National Committee shall consist of one (1) national committeeman and one (1) national committeewoman from, and the chairman of the state Republican Party of, each state.

(b) For the purposes of this rule and all other rules, "state" or "states" shall be taken to include American Samoa, the District of Columbia, Guam, Northern Mariana Islands, Puerto Rico, and the Virgin Islands, except in Rule No. 13 and unless the context in which the word "state" or "states" is used clearly makes such inclusion inappropriate.

### RULE NO. 2
### Method of Election for National Committeeman and National Committeewoman

(a) Where the rules adopted by a state Republican Party provide a method of election of the national committeeman and the national committeewoman, they shall be elected pursuant to such method.

(b) Where the rules adopted by a state Republican Party do not provide a method of election of the national committeeman and the national committeewoman, and where state laws do provide such a method of election, they shall be elected pursuant to such method provided by state laws.

(c) Where neither the rules adopted by a state Republican Party nor state laws provide a method of election of the national committeeman and the national committeewoman, the national convention delegation from such state shall elect them.

(d) At each national convention, the roll shall be called and the delegates from each state shall report, through the chairman of the delegation, the names of the elected national committee members whose election

shall be ratified by the national convention if otherwise
in accordance with these rules.

## RULE NO. 3
### Term of Office for National Committee Members

(a) National committeemen and national
committeewomen shall serve from the adjournment of
the national convention until the adjournment of the
following national convention, and until their
successors shall have been elected and ratified. For
seniority purposes, newly elected committee persons
shall be ratified in order of the date of their individual
election.

(b) The duly elected and acting chairman of
each state Republican Party shall be a member of the
Republican National Committee during his or her term
in office.

## RULE NO. 4
### Vacancies of Members and Officers

(a) Election of members to fill vacancies in
the Republican National Committee shall be ratified by
the Republican National Committee after their election
by the state Republican Party in and for the state in
which the vacancy occurs.

(b) The Republican National Committee shall
have the power to declare vacant the seat of any
member who refuses to support the Republican
nominee for President of the United States or Vice
President of the United States.

(c) In the event of the death, resignation,
disqualification, or disability of any officer of the
Republican National Committee or member of a
committee of the Republican National Committee, such
vacancy shall be filled by the same body and in the
same manner as provided herein for the election of such
officer or officers or committee members in the first
instance. In the case of a vacancy in the office of either
secretary or treasurer of the Republican National
Committee, the chairman shall appoint an acting
secretary or acting treasurer until the next meeting of
the Republican National Committee, when an election
to fill such vacancy shall occur.

(d) In the event of the death, resignation, disqualification, or disability of any member of the Republican National Committee, the vacancy shall be filled according to adopted state Republican Party rules. If no rule exists, vacancies shall be filled by majority vote of the Republican state committee.

## RULE NO. 5
### Officers of the Republican National Committee

(a) The officers of the Republican National Committee shall consist of:

(1) A chairman and a co-chairman of the opposite sex who shall be elected by the members of the Republican National Committee. The chairman or co-chairman need not be a member of the Republican National Committee. Except as otherwise ordered by a majority of the members of the Republican National Committee present and voting on the matter, the chairman and the co-chairman shall be full-time, paid employees of the Republican National Committee. The chairman shall be the chief executive officer of the Republican National Committee. The chairman or co-chairman may be removed from office only by a two-thirds (2/3) vote of the entire Republican National Committee.

(2) Eight (8) vice chairmen who shall be elected at regional caucuses by the Republican National Committee members of the four (4) regions and shall be residents of and Republican National Committee members from their respective regions. The election shall take place in January of each odd-numbered year. The election of vice chairmen shall not require confirmation by the Republican National Committee. The eight (8) vice chairmen shall be composed of one (1) man and one (1) woman from each of the following four regions:

(i) The Western States Association: Alaska, American Samoa, Arizona, California, Colorado, Guam, Hawaii, Idaho, Montana, Nevada, New Mexico, Northern Mariana Islands, Oregon, Utah, Washington, and Wyoming;

(ii) The Midwestern States Association: Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Missouri, Nebraska, North Dakota, Ohio, South Dakota, and Wisconsin;

(iii) The Northeastern States Association: Connecticut, Delaware, the District of Columbia, Maine, Maryland, Massachusetts, New Hampshire, New Jersey, New York, Pennsylvania, Puerto Rico, Rhode Island, Vermont, and the Virgin Islands; and

(iv) The Southern States Association: Alabama, Arkansas, Florida, Georgia, Kentucky, Louisiana, Mississippi, North Carolina, Oklahoma, South Carolina, Tennessee, Texas, Virginia, and West Virginia.

(3) A secretary, a treasurer, and such other officers as the Republican National Committee shall deem necessary, all to be elected by the Republican National Committee. Such officers need not be a member of the Republican National Committee.

(b) The chairman, co-chairman, and all other officers shall be elected in January of each odd-numbered year. All officers, except the vice chairmen, shall be nominated from the floor and shall have at least the majority vote of the Republican National Committee members in each of three (3) states in order to have their names placed in nomination. There shall be no nominating committee.

(c) The chairman shall appoint a general counsel for the Republican National Committee, who also will serve as counsel to committees and subcommittees of the Republican National Committee, and a chairman of the Republican Finance Committee, both of whom shall be confirmed by the Republican National Committee and shall serve at the will of the chairman. Neither the general counsel nor the chairman of the Republican Finance Committee need be a member of the Republican National Committee. In the event of the death, resignation, disqualification or disability of the chairman of the Republican National Committee, the general counsel for the Republican National Committee and the chairman of the Republican Finance Committee shall continue to serve in office until such time as the vacancy in the chairmanship has been filled pursuant to Rule No. 4(c) and his or her successor is appointed by the new chairman of the Republican National Committee and confirmed by the Republican National Committee.

RULE NO. 6
### Executive Committee of the Republican National Committee

(a) There shall be an Executive Committee of the Republican National Committee to consist of twenty-eight (28) officers and members of the Republican National Committee: the chairman, the co-chairman, the vice chairman, the secretary, the treasurer, the general counsel, the chairman of the Republican Finance Committee, the chairman of the Standing Committee on Rules, the chairman of the Standing Budget Committee, the chairman of the Republican State Chairmen's Advisory Committee, three (3) members to be appointed by the chairman, and eight (8) additional members to consist of one (1) man and one (1) woman elected by and from each of the four (4) regional caucuses in January of each odd-numbered year. In the event of the death, resignation, disqualification, or disability of the chairman of the Republican National Committee, each member of the Executive Committee appointed by the chairman of the Republican National Committee shall continue to serve in office until such time as the vacancy in the chairmanship has been filled pursuant to Rule No. 4(c) and the member's successor is appointed by the new chairman of the Republican National Committee.

(b) The Executive Committee may exercise all the executive and administrative functions required of the Republican National Committee between meetings of the Republican National Committee, with the exception of the following:

(1) election of officers of the Republican National Committee;

(2) ratification of the election of members of the Republican National Committee;

(3) issuance of the call and designation of the time and place for holding the national convention; and

(4) filling a vacancy in the office of Republican candidate for President of the United States, or Republican candidate for Vice President of the United States.

(c) The Executive Committee shall meet on the call of the chairman and such meetings shall be held

at least twice in each year. In addition, upon written petition of at least twenty-five percent (25%) of the members of the Executive Committee, the chairman, within ten (10) days of his receipt of said petition, shall call a meeting of the Executive Committee to be held in a city to be designated by the chairman. The date of such meeting shall fall between ten (10) and twenty (20) days from the date of the call. The minutes of all Executive Committee meetings shall be made available as promptly as practicable upon approval of the Executive Committee to all members of the Republican National Committee.

(d) This committee may meet and act by telephone conference upon twenty-four (24) hours notice.

## RULE NO. 7
### Rules of Order

(a) The current authorized edition of *Robert's Rules of Order: Newly Revised* ("Robert's Rules of Order") shall govern in all meetings of the Republican National Committee and its committees insofar as they are applicable and consistent with these rules.

(b) All meetings of the Republican National Committee and all of its committees shall be open meetings, except as provided for by *Robert's Rules of Order*.

(c) A member of the Republican National Committee may give a written and witnessed proxy to an eligible and declared Republican voter of the same state, which shall be effective for one (1) meeting and may include all committees of the Republican National Committee and other meetings held in conjunction with the Republican National Committee meeting that the proxy grantor is eligible to attend. A member of a committee of the Republican National Committee may give a written and witnessed proxy to an eligible and declared Republican voter of the same state or to a member of the member's state delegation to the Republican National Committee. Proxies to attend Republican National Committee meetings shall be filed with the secretary of the Republican National Committee. Proxies to attend a committee of the Republican National Committee shall be filed with the chairman of the respective committee. For any committee of the Republican National Committee where members are elected by region, those committee

members who have been elected by their region may give a written and witnessed proxy to a member of the member's regional caucus within the Republican National Committee, with the approval of that caucus' regional vice chairmen; those members who have been appointed by the chairman may give a written and witnessed proxy to a member of the Republican National Committee, with the approval of the chairman of the Republican National Committee.

(d) No votes (except elections to office when properly ordered pursuant to the provisions of *Robert's Rules of Order*) shall be taken by secret ballot in any open meeting of the Republican National Committee or of any committee thereof.

(e) A prayer and the Pledge of Allegiance shall be conducted at the beginning of all meetings of the committees listed in these rules, including meetings of all subcommittees, immediately following the call to order by the chairman.

(f) For the purposes of these Rules, unless otherwise specified, "mail" shall be defined as mail by the U.S. Postal Service, electronic mail, or private mail delivery service.

## RULE NO. 8
### Meetings of the Republican National Committee

(a) The Republican National Committee shall meet at least twice in each year. A tentative agenda for each meeting shall be mailed to the membership at least ten (10) days prior to such meeting. The minutes, including all resolutions and motions, shall be mailed to all members of the Republican National Committee within thirty (30) days after the close of the meeting.

(b) The first meeting of the Republican National Committee shall take place within five (5) days after the adjournment of the national convention. Such meeting and all other meetings of the Republican National Committee shall take place upon call of the chairman or, in case of a vacancy in the chairmanship, upon call of the co-chairman or, in case of a vacancy in the chairmanship and the co-chairmanship, upon the call of the vice chairman senior in time of service as a member of the Republican National Committee; provided, however, that such call shall be issued at least ten (10) days in advance of the date of the proposed meeting, except that if one of the purposes of a meeting

of the Republican National Committee is to fill a vacancy in the office of Republican candidate for President of the United States or Republican candidate for Vice President of the United States then only five (5) days notice of the purpose, date, and place of said meeting shall be required. Upon written petition of sixteen (16) or more members of the Republican National Committee, representing no fewer than sixteen (16) states, filed jointly or severally with the chairman, requesting a meeting of the Republican National Committee, it shall be the duty of the chairman, within ten (10) days from receipt of said petition, to issue a call for a meeting of the Republican National Committee, to be held in a city to be designated by the chairman, the date of such called meeting to be not later than twenty (20) days or earlier than ten (10) days from the date of the call.

## RULE NO. 9
### Filling Vacancies in Nominations

(a) The Republican National Committee is hereby authorized and empowered to fill any and all vacancies which may occur by reason of death, declination, or otherwise of the Republican candidate for President of the United States or the Republican candidate for Vice President of the United States, as nominated by the national convention, or the Republican National Committee may reconvene the national convention for the purpose of filling any such vacancies.

(b) In voting under this rule, the Republican National Committee members representing any state shall be entitled to cast the same number of votes as said state was entitled to cast at the national convention.

(c) In the event that the members of the Republican National Committee from any state shall not be in agreement in the casting of votes hereunder, the votes of such state shall be divided equally, including fractional votes, among the members of the Republican National Committee present or voting by proxy.

(d) No candidate shall be chosen to fill any such vacancy except upon receiving a majority of the votes entitled to be cast in the election.

## RULE NO. 10
### Committees of the Republican National Committee

(a) There shall be the following committees:

(1) There shall be a Standing Committee on Rules of the Republican National Committee, composed of one (1) member of the Republican National Committee from each state, to review and propose recommendations with respect to *The Rules of the Republican Party*. The members of the Republican National Committee from each state shall caucus, and by majority vote, choose from their number within eight (8) months following the national convention appointees to serve on this committee. If the members of the Republican National Committee from any state do not within this period submit to the chairman of the Republican National Committee their choice to serve on the Standing Committee on Rules, the chairman of the Republican National Committee shall select, from among the members of the Republican National Committee from each such state, one (1) member to serve on the Standing Committee on Rules. The chairman of the Standing Committee on Rules, and such other officers as the Standing Committee on Rules shall deem necessary, shall be elected by the committee from among its members.

(2) There shall be a Standing Committee on Resolutions, which shall be composed of two (2) members of the Republican National Committee from each of the four (4) regions described in Rule No. 5, elected by the members of the Republican National Committee from each such region, and a chairman appointed by the chairman of the Republican National Committee from among the members of the Republican National Committee.

(i) The Standing Committee on Resolutions shall consider all resolutions submitted by any member for adoption by the Republican National Committee at least thirty (30) days before any regularly called meeting of the Republican National Committee or at least ten (10) days before a specially called meeting. This committee shall report to the Republican National Committee all adopted resolutions, with amendments where applicable, for its consideration. Resolutions that are not adopted by this committee shall be reported for informational purposes only to the Republican National Committee.